UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BUILDERS MUTUAL INSURANCE COMPANY, :
:
      Plaintiff :
:
v. : ACTION NO. 2:12cv275
:
CARMER WALLACE, :
AND LINDA FUSSELL GILILLAND, :
:
      Defendants. :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In this insurance coverage dispute, Plaintiff, Builders Mutual Insurance Company ("Builders Mutual"), seeks default judgment against Defendant, Carmer Wallace ("Wallace"), its insured. (ECF No. 11). Defendant, Linda Fussell Gililland ("Gililland"), whose claims against Wallace give rise to the coverage action, has not objected to or opposed entry of default judgment against Wallace. For the reasons set forth below, the undersigned finds that entry of default judgment against the insured, Wallace, does not bar the underlying claimant, Gililland, from defending Builders Mutual's declaratory judgment action. Accordingly, this Report recommends granting Plaintiff's Motion for Default Judgment against Defendant, Carmer Wallace.

1

### I. FACTUAL AND PROCEDURAL HISTORY

Builders Mutual is a North Carolina mutual insurance company which provided Wallace, a Class A contractor, with at least two commercial package policies. (ECF No. 1 at 1-2). One policy provided coverage from February 14, 2009 to February 14, 2010, while the other covered Wallace from February 14, 2010 to February 14, 2011. Id. at 2. Each policy on its own provided $1 million in coverage. Id.

On January 4, 2009 Wallace contracted with Gililland to build a home in Chesapeake, Virginia for $2,989,057. (ECF No. 1, 1-4). Wallace began construction on the home in March 2009 which continued until July 2011 at which point Gililland "disaffirm[ed]" the contract. (ECF No. 1-4 at 3). Gililland then brought an action against Wallace in the Circuit Court for the City of Virginia Beach. (ECF No. 1-4). The state complaint alleges actual fraud, constructive fraud, breach of contract, breach of fiduciary duty, and conversion by Wallace. Id. Gililland seeks $1,350,000 in damages in her state claim. Id.

Builders Mutual is defending Wallace against Gililland's claims under a reservation of rights. (ECF No. 1 at 4). Builders Mutual filed this action for declaratory judgment, claiming it has no duty to defend Wallace in the underlying state action, because it has no duty to indemnify him in the event of a verdict or settlement. (ECF No. 1 at 12).

2

Builders Mutual served Wallace with a summons and copy of the complaint on May 22, 2012. (ECF No. 5). Wallace failed to file any responsive pleading, and the Clerk entered default against him on June 21, 2012. (ECF No. 10) Builders Mutual has now moved for default judgment with supporting documents and affidavits. (ECF No. 11). Neither Wallace nor Gililland has responded or objected to Builders Mutual's Motion for Default Judgment against Wallace. The matter was referred to the undersigned for a Report and Recommendation as provided by 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). (ECF No. 12).

## II. RECOMMENDED FINDING OF FACT AND CONCLUSIONS OF LAW

An action for declaratory judgment is justiciable only if an actual case or controversy exists. 28 U.S.C. § 2201 (2010). The Supreme Court has found that an actual case or controversy exists between an insurer and an injured third party in a declaratory judgment action when state law entitles the injured third party to bring a direct action against the insurer. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273-74 (1941). In Maryland Casualty, an Ohio law granted an injured third party a statutory right to bring an action against the insurer if he obtained a final judgment against the insured which remained unsatisfied for thirty days. Id. at 273. Based on

3

this Ohio law, the Court held an actual case or controversy existed between the insurer and injured third party in the declaratory judgment action, in part to avoid "opposite interpretations of the policy . . . by the federal and state courts." Id. at 274. The Court reasoned that finding otherwise may expose the insurer to multiple liability, because the declaratory judgment action would be binding on only the insured, not the injured third party. Id. Thus, the Court held that the insurer was entitled to seek declaratory relief against the injured third party. Id.

Relying in part on Maryland Casualty, this Court has held that, under Virginia law, a case or controversy exists between an insurer and an injured third party in a declaratory judgment action even after default judgment is entered against the insured party. Vermont Mut. Ins. Co. v. Everette, 875 F. Supp. 1181, 1185-86 (E.D. Va. 1995) (citing Federal Kemper Ins. Co. v. Rauscher, 807 F.2d 345 (3d Cir. 1986); Hawkeye-Security Ins. Co. v. Schulte, 302 F.2d 174 (7th Cir. 1962)). In Vermont Mutual, the Court based its decision on Section 38.2-2200 of the Virginia Code which allows an injured third party to bring a direct action against an insurer when the third party has obtained a judgment against the insured that remains unsatisfied. VA. CODE ANN. § 38.2-2200 (West 2012). Section 38.2-2200 also requires the insurer to include a provision in

4

policies issued in Virginia to address the right of an injured third party, who holds an unsatisfied judgment, to bring a direct action against the insurer. Id. Because section 38.2-2200, and the policy language it mandates grant injured third parties "a direct interest in the insurance contract, independent of" the insured party, the Court held that the injured third party was entitled to defend the declaratory judgment action brought by the insurer. Vermont Mutual, 875 F. Supp. at 1186.

In this case, a case or controversy exists between Builders Mutual and Gililland independent of Wallace. Both insurance policies issued by Builders Mutual to Wallace comply with section 38.2-2200, stating that "[a] person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured." (ECF No. 2 at 122-23; ECF No. 3 at 88-89). These provisions grant Gililland a direct and independent interest in the insurance contract sufficient to maintain a case or controversy following entry of judgment against Wallace. Vermont Mutual, 875 F. Supp. at 1186. Consequently, Gililland may defend the declaratory judgment action after entry of default judgment.

### IV. RECOMMENDATION

Wallace has failed to appear or otherwise defend Builders Mutual's coverage claim against him. Because Gililland is entitled to defend the claim directly against Builders Mutual, independent of Wallace, the undersigned recommends that the Court GRANT Builders Mutual's Motion for Default Judgment against Wallace, and declare, that as to Wallace, that Builders Mutual has no duty to defend Wallace with respect to Gililland's state claims.

### V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                         /s/
                                      Douglas E. Miller
                                      United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 20, 2012

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

    Courtney South Schorr
    Danny Mark Howell
    Mikhael David Charnoff
    Sands Anderson Marks & Miller
    1497 Chain Bridge Rd
    Suite 202
    McLean, VA 22101

    Cullen Dennis Seltzer
    Sands Anderson PC
    1111 E Main Street
    23rd Floor
    PO Box 1998
    Richmond, VA 23218-1998

    Carmer Wallace
    5505 Parliament Drive
    Virginia Beach, VA 23462

    Edwin Stuart Booth
    Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
    4525 South Boulevard, Suite 300
    Virginia Beach, VA 23452

                                Fernando Galindo, Clerk

              By   _____
                     Deputy Clerk

                     _____,2012